**Joel D. HOPKINS (29.15), Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 62696.**

Missouri Court of Appeals,
Western District.

Jan. 11, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 2005.

Sean D. O'Brien and Phillip Ray Gibson, Kansas City, MO, for appellant.

Victor Melenbrink, Jefferson City, MO, for respondent.

Before: EDWIN H. SMITH, C.J.,
SPINDEN and SMART, JJ.

### Order

**PER CURIAM.**

Joel D. Hopkins appeals from the order of the Circuit Court of Platte County overruling, after an evidentiary hearing, his Rule 29.15[1] motion for post-conviction relief. After a jury trial in the Circuit Court of Platte County, the appellant was convicted of one count of murder in the first degree, § 565.021.1(2)[2] and one count of armed criminal action (ACA), § 571.015. As a result of his convictions, he was sentenced to consecutive terms, in the Missouri Department of Corrections, of life imprisonment, without the possibility of parole for murder, and fifty years for ACA.

The appellant raises three points on appeal. In Point I, he claims that the motion court erred in denying his Rule 29.15 motion, after an evidentiary hearing, because the evidence presented at the motion hearing clearly established that he received ineffective assistance of trial counsel in that counsel failed to investigate and present the testimony of Steve Masden, a codefendant, who would have testified that the appellant did not participate in the murder. In Point II, he claims that the motion court erred in denying his Rule 29.15 motion, after an evidentiary hearing, because the evidence presented at the motion hearing clearly established that he

1. All rule references are to the Missouri Rules of Criminal Procedure, 2004, unless otherwise indicated.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

received ineffective assistance of trial counsel in that counsel failed to investigate and present testimony of Masden that the rap lyrics found in the appellant's prison cell, which were in the appellant's handwriting and linked the author of the lyrics to the murder, were actually composed by Masden and were merely recorded by the appellant. In Point III, the appellant claims that the motion court erred in denying his Rule 29.15 motion, after an evidentiary hearing, because the evidence presented at the motion hearing clearly established that he received ineffective assistance of trial counsel, in that counsel failed to present testimony from Masden's sister that her brother owned tennis shoes with a tread pattern which was similar to the pattern found imprinted on the victim's forehead and which the State had claimed at trial was from the appellant's tennis shoes.

Affirmed, pursuant to Rule 84.16(b).